IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET TORRI, | ) | FILED: JULY 16, 2008 |
| | ) | 08CV4138 |
| Plaintiff, | ) | JUDGE KOCORAS |
| | ) | MAGISTRATE JUDGE MASON |
| vs. | ) No. | |
| | ) | |
| REMI JOHNSON, SANDRA FRANKIEWICZ, | ) | PH |
| and LORI ANN OGOLINI, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Plaintiff Janet Torri ("Ms. Torri") by and through her attorneys Clancy Law Offices, complains of defendants, Remi Johnson, Sandra Frankiewicz and Lori Ann Ogolini, as follows:

### PARTIES AND GENERAL ALLEGATIONS

1. Janet Torri ("Ms. Torri") is an individual who currently lives outside the judicial district in San Ramon, California.

2. Remi Johnson ("Remi") is an individual who currently lives within the judicial district at 311 W. Chester Drive, Maple Park, Kane County, Illinois.

3. Sandra Frankiewicz ("Sandra") is an individual who currently lives within the jurisdiction at 307 E. Third Street, Elmhurst, DuPage County, Illinois.

4. Lori Ann Ogolini ("Lori Ann") is an individual who currently lives within the jurisdiction at 404 E. 17th Avenue, Lombard, DuPage County, Illinois.

5. At all relevant times, Remi, Sandra and Lori Ann owned, controlled, and maintained real property located at and near 18W050 22nd Street in Oak Brook Terrace, DuPage County, Illinois ("the premises"). The premises contained both buildings and a side walk.

6. Jurisdiction in this Court is proper pursuant to 28 USC §1332(a)(1), as the plaintiff and defendants are residents of different states and the matter in controversy exceeds the sum of or value of $75,000.

7. Venue is appropriate in this Court pursuant to 28 USC §1391(a)(1)(2), and (3).

8. On or about April 18, 2006, Ms. Torri, a customer on the premises, fell on a uneven, unnatural defect on the sidewalk as she attempted to walk to a restaurant on the premises.

### Count I - Remi Johnson

9. Plaintiff realleges and incorporates herein the allegations made in paragraphs 1 through 8 of this complaint.

10. At all relevant times, it was Remi's duty to exercise reasonable care in the maintenance of the sidewalk on the premises.

11. Notwithstanding this duty, Remi was negligent in one or more of the following aspects:

    a. He/she created or permitted to remain an unnatural, defective, and dangerous condition on the sidewalk on the premises;

    b. He/she failed to warn patrons using the sidewalk at the premises of the danger posed by the unnatural, defective and dangerous condition of the sidewalk.

12. Remi knew, or in the exercise of reasonable care should have known, that the condition of the sidewalk on his/her premises involved an unreasonable risk of harm to persons on the premises, like Ms. Torri.

13. As a direct and proximate result of the Remi's careless and negligent conduct, Ms. Torri suffered severe and permanent injuries to her left arm and other parts of her body necessitating emergency care, physical therapy, and other treatment which has curtailed and diminished Ms. Torri's ability to earn a living and will continue to do so in the future, caused her pain, suffering, a loss of her ability to pursue the normal activities of her life, and emotional distress. Some, and perhaps all of her injuries are continuing and permanent.

WHEREFORE, plaintiff Janet Torri prays for compensatory damages in an amount I excess of $75,000.00, plus costs, interest, reasonable attorney's fees, and such other and further relief as the Court deems just and equitable.

## Count II - Sandra Frankiewicz

14. Plaintiff realleges and incorporates herein the allegations made in paragraphs 1 through 8 of this complaint.

15. At all relevant times, it was Sandra's duty to exercise reasonable care in the maintenance of the sidewalk on the premises.

16. Notwithstanding this duty, Sandra was negligent in one or more of the following aspects:
    a. She created or permitted to remain an unnatural, defective, and dangerous condition on the sidewalk on the premises;
    b. She failed to warn patrons using the sidewalk at the premises of the danger posed by the unnatural, defective and dangerous condition of the sidewalk.

17. Sandra knew, or in the exercise of reasonable care should have known, that the condition of the sidewalk on her premises involved an unreasonable risk of harm to persons on the premises, like Ms. Torri.

18. As a direct and proximate result of Sandra's careless and negligent conduct, Ms. Torri suffered severe and permanent injuries to her left arm and other parts of her body necessitating emergency care, physical therapy, and other treatment which has curtailed and diminished Ms. Torri's ability to earn a living and will continue to do so in the future, caused her pain, suffering, a loss of her ability to pursue the normal activities of her life, and emotional distress. Some, and perhaps all of her injuries are continuing and permanent.

WHEREFORE, plaintiff Janet Torri prays for compensatory damages in an amount in excess of $75,000.00, plus costs, interest, reasonable attorney's fees, and such other and further relief as the Court deems just and equitable.

### Count III - Lori Ann Ogolini

19. Plaintiff realleges and incorporates herein the allegations made in paragraphs 1 through 8 of this complaint.

20. At all relevant times, it was Lori Ann's duty to exercise reasonable care in the maintenance of the sidewalk on the premises.

21. Notwithstanding this duty, Lori Ann was negligent in one or more of the following aspects:

    a. She created or permitted to remain an unnatural, defective, and dangerous condition on the sidewalk on the premises;

    b. She failed to warn patrons using the sidewalk at the premises of the danger posed by the unnatural, defective and dangerous condition of the sidewalk.

22. Lori Ann knew, or in the exercise of reasonable care should have known, that the condition of the sidewalk on her premises involved an unreasonable risk of harm to persons on the premises, like Ms. Torri.

23. As a direct and proximate result of Lori Ann's careless and negligent conduct, Ms. Torri suffered severe and permanent injuries to her left arm and other parts of her body

necessitating emergency care, physical therapy, and other treatment which has curtailed and diminished Ms. Torri's ability to earn a living and will continue to do so in the future, caused her pain, suffering, a loss of her ability to pursue the normal activities of her life, and emotional distress. Some, and perhaps all of her injuries are continuing and permanent.

WHEREFORE, plaintiff Janet Torri prays for compensatory damages in an amount in excess of $75,000.00, plus costs, interest, reasonable attorney's fees, and such other and further relief as the Court deems just and equitable.

        Respectfully submitted,

        CLANCY LAW OFFICES

        BY:   /s/Michael W. Clancy
                 Attorney for Plaintiff

Michael W. Clancy
Wendell W. Clancy
Clancy Law Offices
7 South Second Avenue
St. Charles, Illinois 60174
(630) 584-7666
Attorney No. 6208704

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET TORRI, | ) | FILED: JULY 16, 2008 |
| | ) | 08CV4138 |
| Plaintiff, | ) | JUDGE KOCORAS |
| | ) | |
| vs. | ) No. | MAGISTRATE JUDGE MASON |
| | ) | |
| REMI JOHNSON, SANDRA FRANKIEWICZ, | ) | PH |
| and LORI ANN OGOLINI, | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

The undersigned demands a jury trial.

CLANCY LAW OFFICES

BY:   /s/ Michael W. Clancy
      Attorney for Plaintiff

Michael W. Clancy
Wendell W. Clancy
CLANCY LAW OFFICES
7 South Second Avenue
St. Charles, Illinois 60174
(630) 584-7666
Attorney No.: 6208704